IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY,

### AT JUNE TERM, 1864.

---

THE HOBOKEN LAND AND IMPROVEMENT COMPANY v. PE-
TER KERRIGAN AND OTHERS.

1. The certificate of acknowledgment of an old deed, made and recorded
   before 1799, which stated that the grantor signed, sealed and deliv-
   ered the deed in the presence of the judge, is sufficient to entitle a
   copy of the record to be received in evidence.
2. Where a deed bounds the land on a public highway, the presump-
   tion is that it passes the title to the middle of the highway, but if the
   deed commences at a corner on the side of the road, and does not
   afterwards refer to it, and the courses and distances given will not
   bound the land on the highway, the presumption does not arise.

---

In ejectment for lands in the county of Hudson.

This case was tried at the Hudson Circuit, at May term,
1862, when a verdict was rendered for the defendants. The
judge having allowed a rule to show cause why there should
not be a new trial, it was argued before Justices OGDEN,
HAINES, and ELMER, by *F. B. Ogden* and *R. Gilchrist*, for the
plaintiffs, and by *C. Parker* and *A. O. Zabriskie*, for the de-
fendants.

The opinion of the court was delivered by

ELMER, J.   Several reasons for making the rule to show cause in this case absolute have been insisted on ; it will be necessary, however, to notice but two of them.

*First.*  The plaintiffs, to make out their title to the premises in dispute, offered in evidence a copy of the record of a deed from Cornelius Haring to John Stevens, dated July 26th, and recorded September 8th, 1784.   The endorsement thereon, certified by Petrus Haring, one of the judges of the court of Bergen, was, that " the said agent, Cornelius Haring, signed, sealed, and delivered the within deed in the presence of me, Petrus Haring, one of the judges of the Court of Common Pleas, have perused the same, find no erasures or interlineations, and allow the same to be recorded."   The deed was rejected by the judge, as not sufficiently acknowledged, and it is now insisted that this ruling was erroneous.

By an act passed in 1743, *Allinson* 132, which continued to be the law regulating the acknowledgment of deeds until 1799, it was provided that all deeds acknowledged by the grantor, or proved by one or more witnesses before certain prescribed officers, might be recorded, and that all such deeds or copies from the record should be good and sufficient evidence in any court of record.   No form of acknowledgment or proof is prescribed.   In my opinion the judge erred in rejecting this deed.   Nearly eighty years had elapsed since the making and recording of it, and the premises therein described, or at least a considerable part thereof, had been held under it by the grantee and his heirs or assigns.   The certificate plainly imports that the deed was acknowledged, if not in words, by significant and unmistakable signs.   An acknowledgment in words from the mouth was not essential ; if it was, a deaf and dumb grantor could not have made one. By actually signing, sealing, and delivering the deed in the presence of the judge, the grantor just as plainly acknowledged it to be his deed as if he had so declared by vocal sounds.   And if a verbal acknowledgment was necessary, I think it ought now to be presumed to have been made.

In the case of *Jackson* v. *Gilchrist*, 15 *Johns. R.* 89, it was held, in the case of an old deed, acknowledged by virtue of a law similar to that above quoted, where the certificate set forth that the grantor appeared before the judge "to acknowledge the deed," that it ought to be presumed he did acknowledge it. In the case of *Hunt* v. *Johnson*, 19 *N. Y. R.* 279, it was held, that a certificate of the proof of a deed made under the same law which declared that the witness saw the grantor execute the same, but did not show that the witness was sworn, would justify the presumption that the declaration of the witness was made under oath. These cases, I think, were rightly decided, and ought now to be followed. For the error of the judge in rejecting the deed I think the plaintiffs are entitled to a new trial.

*Second.* Most of the land in dispute was at one time, and perhaps still is, included within the bounds of a public highway, laid out from Hoboken to Bergen in 1794. The defendants claim under a deed from John Stevens to Samuel Startwout, dated April 15th, 1814. This deed describes the premises conveyed as beginning on the southwest side of the road leading from Hoboken to Bergen, which place of beginning is about one chain easterly from a large willow tree, thence a course nearly perpendicular to the road, and five other distinct courses and distances, calling for no monument, to the place of beginning.

Another street having been opened within a few years, the old highway is not now in use, and it became a leading question, on the trial, whether the deed to Startwout carried his title to the middle of the road, as was insisted for the defendants. The judge charged the jury, "it requires express words in the deed to Startwout to exclude the road; this deed does not contain any such. If the deed goes up to the road it goes to the middle of it, for the clause, together with all and singular the tenements, hereditaments, and appurtenances, &c., and the reversions, &c., will carry the premises to the middle of the road."

It was correctly stated in the case of *Winter* v. *Peterson*,

4 *Zab.* 527, that "the inference or presumption of law is, that a conveyance of land bounded on a public highway carries with it the fee to the centre of the road, as part and parcel of the grant. 3 *Kent's Com.* 432; *Peck* v. *Smith,* 1 *Conn. R.* 103; unless by the terms of the description the road is necessarily excluded, or at least something appears to rebut the presumption. *Tyler* v. *Hammond,* 11 *Pick.* 213, and cases there cited." But this deed does not bound the land on a public highway, as did that in the case of *Winter* v. *Peterson,* where the line was described as commencing to run along the middle of the road, and as running along the said road, for the succeeding courses.

In the case before us the deed commences at a point on the southwest side of the old road, and does not again refer to the road, but runs certain courses and distances, so that if the defendant is strictly confined to them, his land will not touch the road except at the beginning corner. There can be no doubt that a grantor, who owns premises including a public highway, may, at his own option, retain to himself the property in the road or any part of it. That land laid out or dedicated as a highway, or any other land, will not pass by the description of appurtenances, and that the judge erred in charging that it did, in this case, was rightly conceded by the counsel of the defendant. This error was material, because the boundary is not described in the deed to be upon or along the highway, nor is there anything in the deed showing an intention to make the road a boundary. The weight of authority is, that where the land is in terms bounded by a highway, or where it duly appears that the road was intended to be a boundary, a strong presumption arises that it was the intention to pass the title to the middle of the highway. 2 *Smith Lead. Cases* 94, *note to Dovaston* v. *Payne.*

Here the boundary is limited to strict courses and distances, without the mention of any monument but the beginning corner; and it is manifest that if the tract is run, as it would seem it should be, according to the courses and

distances as they stand, it will not touch the road except at the beginning corner. And even if it can be run, as was insisted for the defendants, the surrounding circumstances show it was intended to be run, so that the last course and distance will correspond with the line of the highway, that alone will not warrant the presumption that it was intended to convey the land to the middle of the highway. The real question presented for decision was, whether the words of the deed could be so interpreted as to warrant the inference that there was any intention to extend the boundary, as described, beyond its prescribed limits. It was not a case requiring words to exclude the highway; such words being necessary only where, independent of such words, a contrary presumption can reasonably be inferred.

For this error in the charge, as well as for the error in rejecting the copy of the deed, I think there must be a new trial, the costs to abide the event.

New trial ordered.

CITED *in Higbee & Riggs* v. *Camden and Amboy R. & T. Co., 5 C. E. Gr,* 438.